AFFIRM; Opinion issued November 14, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00400-CR

## SHAWN JUSTIN HILL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-82296-10**

# OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice FitzGerald

A jury found appellant Shawn Justin Hill guilty of driving while intoxicated. The trial court assessed appellant's punishment at ninety days' confinement and a $1,000 fine; the judge then suspended the confinement and imposed one year of community service. In a single issue on appeal, appellant contends the trial court erred by denying his motion to suppress evidence obtained after his vehicle was stopped by a Wylie police officer. We affirm the trial court's judgment.

### BACKGROUND

Aaron Olson, a 911 dispatcher for the City of Wylie, testified that he took a call on the night in question from a caller who identified herself as Stacey Shapiro and appellant's wife. Shapiro reported that appellant had been drinking and that he was driving away from their house. Shapiro

identified the vehicle appellant was driving as a red, Ford F-150 truck, and she told Olson appellant was driving south from his address to Park Boulevard. After reviewing a transcript of his notes from the call, Olson confirmed that he knew the couple's children were not in the vehicle with appellant and that he believed Shapiro "sounded intoxicated also." Olson agreed that Shapiro could be heard on the recording saying that she had been out drinking that evening and that she and appellant had gotten into an argument when she got home. He further agreed that Shapiro did not report any family violence or any details concerning appellant's intoxication.

Officer Nuria Arroyo was the patrol officer who responded to the call. She testified at trial concerning the information she received from the dispatcher:

> At that time we were informed that there was a disturbance at that residence, and the reporting party, Stacey Shapiro, advised that her husband was intoxicated and threatening to leave the residence with their children. While en route I was also informed that the defendant did leave the residence.

The dispatcher told Arroyo appellant's name and gave a description and location of the vehicle he was driving. She observed a truck matching the description, ran the license plate number, and learned it was registered to appellant and Shapiro. Arroyo then initiated a stop of the vehicle. She testified she did not see any traffic violations while she was following appellant's vehicle; she made the stop based on the report of a disturbance that needed to be investigated.

Appellant was subsequently convicted of driving while intoxicated.[1] In this Court, he challenges the trial court's denial of his motion to suppress.

---

[1] We do not address the testimony of any other witnesses. The reasonableness of a "Terry stop" must rest on the facts known to the officer at the time of the stop and not on subsequently-acquired knowledge. See Terry v. Ohio, 392 U.S. 1, 21–22 (1968) ("would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?");see also Davis v. State, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997).

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007). We do not engage in our own factual review; the trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *Id.*; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost complete deference to the trial court in determining historical facts, and we review de novo the court's application of the law of search and seizure. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We will uphold the trial court's ruling on the motion if that ruling was supported by the record and was correct under any theory of law applicable to the case. *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

## THE MOTION TO SUPPRESS

The Fourth Amendment requires that a warrantless detention of a suspect be justified by a reasonable suspicion. *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968); *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). A police officer has reasonable suspicion to detain a person if she has specific, articulable facts that, taken together with rational inferences from those facts, would lead her reasonably to conclude that the person detained is engaged in criminal activity. *Elias*, 339 S.W.3d at 674. We examine the reasonableness of a temporary detention in terms of the totality of the circumstances. *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010).

In the trial court, appellant complained the 911 call was insufficient to support the stop because the caller was intoxicated herself and because she did not give Olson specifics of any crime that would justify the detention. We construe appellant's complaint to be a challenge to the reliability of the caller who informed the police he was driving while intoxicated.

The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information acquired from another person. *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). In this case, Shapiro was the source of information concerning appellant's intoxication. Her reliability is enhanced because she had no connection to the police; she was an independent reporter. *See Pipkin v. State*, 114 S.W.3d 649, 655 (Tex. App.—Fort Worth 2003, no pet.). Similarly, Shapiro's report is entitled to greater weight than an anonymous tip because—by identifying herself to the dispatcher—she put herself in a position to be held accountable for the information she gave. *See id.* Finally, Shapiro observed appellant's offense—driving while intoxicated—firsthand; although she did not report specific signs or symptoms of the intoxication she witnessed, the officer could reasonably infer Shapiro was a reliable judge of her husband's condition. *See id.*

A stop based upon facts supplied by this type of a "citizen-eyewitness" can provide reasonable suspicion, if the facts are adequately corroborated by the detaining officer. *Brother*, 166 S.W.3d at 259. In this context, corroboration does not mean that the officer must personally observe the conduct giving rise to reasonable suspicion; instead, the officer must, in light of the circumstances, confirm enough facts that she can reasonably conclude the information supplied was reliable and justifies the temporary detention. *Id.* at 259 n.5. In this case, the patrol officer checked the truck's registration before deciding to stop it. Her actions corroborated the caller's information that appellant was in fact driving the vehicle reported, in the area where the caller had reported him driving. Given the totality of the circumstances, we conclude the officer could reasonably conclude the 911 call was reliable and a temporary detention was justified.

We conclude, therefore, that the officer had reasonable suspicion to make an investigative stop in this case. The trial court did not err in denying the motion to suppress. We overrule appellant's sole issue and affirm the trial court's judgment.


KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110400F.U05

—5—



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SHAWN JUSTIN HILL, Appellant

No. 05-11-00400-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law No. 6 of Collin County, Texas. (Tr.Ct.No. 006-82296-10).
Opinion delivered by Justice FitzGerald, Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 14, 2012.

KERRY P. FITZGERALD
JUSTICE